1
2
3
4   UNITED STATES DISTRICT COURT
5   NORTHERN DISTRICT OF CALIFORNIA
6

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT,<br><br>Plaintiff,<br><br>v.<br><br>I.C. REFRIGERATION SERVICE INC., et al.,<br><br>Defendants. | Case No. 25-cv-05508-JSC<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 35 |

In this insurance coverage declaratory judgment action, Plaintiff insurer Travelers Indemnity ("Travelers") seeks a judicial declaration it has no duty to defend or indemnify I.C. Refrigeration Service, Inc. or Flory Construction, Inc. ("Flory") in a state court construction defect action Highbridge Oakland ("Highbridge") has filed against these two entities (the "Underlying Suit"). By Order filed November 10, 2025, the Court granted Flory's motion to dismiss Travelers' claim as to the duty to defend because Travelers could not show the damages Highbridge seeks in the Underlying Suit are not potentially "property damages" covered by the policies at issue (collectively "the Policy"), and failed to establish that any exclusion within the Policy precluded coverage as a matter of law. (Dkt. No. 50.) The Court also stayed the remaining claim as to the duty to indemnify. (*Id.*)

Now pending before the Court is Travelers' motion for default judgment against defendant Highbridge. (Dkt. No. 35.) Travelers asks the Court to grant default judgment and issue a declaration that the damages Highbridge alleges in the Underlying Suit are economic damages, not property damages covered by the Policy. After carefully considering the parties' written submissions, including Flory's opposition (Dkt. No. 46), as well as the submissions in connection with Flory's motion to dismiss (Dkt. Nos. 26, 29), the Court concludes oral argument is not

1  required, *see* N.D. Cal. Civ. L.R. 7-1(b), VACATES the November 20, 2025 hearing, and
2  DENIES without prejudice the motion for default judgment.
3       A court abuses its discretion if it enters a default judgment as to one defendant that is
4  inconsistent with the position of non-defaulting defendants. *See In re First T.D.& Inv., Inc.*, 253
5  F.3d 520, 532 (9th Cir. 2001); *see also PetConnect Rescue, Inc. v. Salinas*, 656 F. Supp. 3d 1131,
6  1183 (S.D. Cal. 2023) (denying motion for default judgment because "[a] default judgment
7  against [the defaulting defendant] on these claims could lead to 'logically inconsistent results' if
8  the other Defendants ultimately prevail"); *Warm v. Innermost Ltd.*, No. CV 21-04402-MWF
9  (SHKX), 2025 WL 1674483 at *1 (C.D. Cal. May 28, 2025) ("The principal concern is avoiding
10 logically inconsistent adjudications as to liability."). Here, the Court has already concluded the
11 damages sought by the complaint in the Underlying Suit are potentially covered by the Policy and
12 therefore Travelers has a duty to defend. (Dkt. No. 50.) So, a declaration that Highbridge does
13 not seek property damages within the meaning of the Policy would directly conflict with that
14 ruling (as well as the Underlying Suit's allegations). The Court therefore exercises its discretion
15 to deny the motion for default judgment without prejudice. Travelers may renew the motion, if
16 necessary, after the resolution of the Underlying Suit.
17      This Order disposes of Docket No. 35.
18 **IT IS SO ORDERED.**
19 Dated: November 13, 2025

JACQUELINE SCOTT CORLEY
United States District Judge